# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Rachel Vennitti

**DEFENDANTS**

Odessa Technologies, Inc.
Eric Bernstein (as aider and abettor)

**(b)** County of Residence of First Listed Plaintiff   Camden County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102, 215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government Plaintiff
- [x] 3   Federal Question *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government Defendant
- [ ] 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e et seq.; 43 P.S. §951 et seq.; Phila. Code § 9-1101, et seq
Brief description of cause:
Plaintiff was discriminated against because of her sex.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
10/03/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA

---

*RELATED CASE IF ANY:*  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?  Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?  Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Wage and Hour Class Action/Collective Action
☐ 6.  Patent
☐ 7.  Copyright/Trademark
☐ 8.  Employment
☐ 9.  Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **see certification below**
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)*:_____
☐ 7.  Products Liability
☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
        _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Rachel Vennitti | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Odessa Technologies, Inc., et al. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X )

| | | |
|---|---|---|
| 10/03/2025 | | Plaintiff, Rachel Vennitti |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RACHEL VENNITTI | : | CIVIL ACTION NO. |
|  | : |  |
| **Plaintiff,** | : |  |
|  | : |  |
| **v.** | : | **JURY TRIAL DEMANDED** |
|  | : |  |
| ODESSA TECHNOLOGIES, INC. | ; |  |
|  | : |  |
| ERIC BERNSTEIN  (as aider and abettor) | : |  |
|  | : |  |
| **Defendants.** | : |  |
|  | : |  |

## CIVIL ACTION COMPLAINT

## I.    PRELIMINARY STATEMENT

Plaintiff, Rachel Vennitti ("Plaintiff"), brings this employment discrimination action against her former employer, Odessa Technologies ("Odessa"), and Eric Bernstein (as aider and abettor).  Plaintiff asserts sex discrimination claims against Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"); the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

Plaintiff seeks all damages allowable by law, including economic, compensatory, and punitive damages, and all other relief under applicable law that this Court deems appropriate.

## II.    PARTIES

1.      Plaintiff Rachel Vennitti ("Plaintiff") is a citizen of the Commonwealth of Pennsylvania.

2.      Plaintiff currently resides in Haddonfield, New Jersey.

3.      Defendant Odessa Technologies is a Delaware business entity with a principal place

of business located at 50 S. 16th Street, Philadelphia, PA 19102.

4.     Defendant is engaged in an industry affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

5.     At all relevant times, Odessa was Plaintiff's employer under the statutes that form the basis of this matter.

6.     At all relevant times, Plaintiff was an "employee" of Odessa under the statutes which form the basis of this matter.

7.     At all relevant times, Odessa employed more than 15 people.

8.     Defendant Eric Bernstein is an individual and the former Chief Executive Officer of Defendant Odessa.

9.     Through his actions set forth herein in Section IV, Defendant Bernstein abetted, incited, committed, compelled, and/or coerced the sex discriminatory conduct set forth herein; obstructed or prevented Odessa from complying with the PHRA, and the PFPO; and attempted to, and did in fact, commit acts in violation of the PHRA, and the PFPO.

10.     At all relevant times, Defendants acted by and through Odessa's authorized agents, servants, workers and/or employees within the course and scope of their employment with Odessa and in furtherance of Odessa's business.

III.     **JURISDICTION AND VENUE**

11.     The causes of action which form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

12.     The District Court has jurisdiction over Count I (Title VII).

13.     The District Court has supplemental jurisdiction over Counts II (PHRA) and Count III (PFPO) pursuant to 28 U.S.C. §1367.

2

14.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

15.     On or about August 20, 2024, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") complaining of the various acts of discrimination set forth herein, which was dual filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of Plaintiff's PHRC Complaint of Discrimination, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

16.     On or about July 9, 2025, the EEOC issued to Plaintiff a Dismissal and Notice of Right to Sue.  Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice, with minor redactions for purposes of electronic filing of confidential and personal identifying information.

17.     Plaintiff has complied with all administrative requirements for the institution of this civil action.

IV.     **FACTUAL ALLEGATIONS**

18.     Plaintiff was hired by Defendant Odessa Technologies on or about May 20, 2019 into the position of Associate Vice President ("AVP"), People Success (i.e. Human Resources).

19.     On or about April 1, 2022, Plaintiff was promoted to Vice President ("VP"), People Success.  In this role, Plaintiff was responsible for overseeing Defendant Odessa Technologies' "People Success" department.

20.     As VP, People Success, Plaintiff reported to Jason St. Laurent, Chief Operating Officer.

21.     St. Laurent reported to Madhu Natarajan, Defendant Odessa Technologies' founder and former Chief Executive Officer.

3

22.     From 2019 through March 2023, Plaintiff received several "highly valued" performance reviews and one "exceptional" performance review:

     a.     May 2019 - March 2020, Highly Valued.

     b.     April 2020 - March 2021, High Valued.

     c.     April 2021 - March 2022, Exceptional.

     d.     April 2022 - March 2023, Highly Valued.

23.     In or about April 2023, Defendant Odessa Technologies hired Eric Bernstein as Chief Executive Officer.

24.     Following Bernstein's hire as CEO, Plaintiff was routinely treated in a hostile and demeaning manner because of her sex.  By way of example, and without limitation:

     a.     Bernstein sated to Plaintiff, "I am a locomotive, you either get on the train or I will run you over."

     b.     Sumit Maheshwari, Defendant's Chief Financial Officer, spoke to Plaintiff in a condescending and demeaning manner after she challenged the manner in which Sumit chose to conduct a comprehensive review of its policies and procedures.

     c.     Bernstein unfairly criticized Plaintiff's performance.

     d.     Bernstein became combative and hostile to Plaintiff when she voiced disagreement with him.

     e.     Bernstein falsely criticized Plaintiff for being "too much about the people" and not sufficiently "business focused."

     f.     Bernstein visually expressed disgust to Plaintiff when discussing a female's salary; this female employee had visible facial hair.  Bernstein did not make this

4

same visual disgust when talking about a male employee at the same SVP level and with similar salary.

g.  Bernstein expressed disapproval over how much certain female employees were paid, despite certain males being paid the same amount for performing substantially similar work in substantially similar roles.

25.     Bernstein was involved in hiring several male employees who were paid at a higher rate than female employees performing substantially similar work in substantially similar roles.

26.     In or about January of 2024, Bernstein promoted Kevin Schroeder to replace Plaintiff in her role as the leader of People Success.  Mr. Schroeder was given a new title of Managing Director and assumed responsibility for essentially all of Plaintiff's job duties.

27.     Plaintiff was more qualified to lead the People Success function at Defendant Odessa Technologies, possessing more relevant skills and experience in the field of Human Resources than Mr. Schroeder.

28.     Commensurate with Mr. Schroeder' promotion, Plaintiff was reassigned to report directly to him.  Plaintiff's job responsibilities in her new position were never clearly defined for her.

29.     When Plaintiff confronted Mr. Bernstein about her job being given to Mr. Schroeder and her being demoted to report to Mr. Schroeder, Plaintiff learned—in or about the beginning of February 2024—that Mr. Bernstein was planning for her (Plaintiff's) separation from the company for a date later that year.

30.     On or about March 1, 2024, Plaintiff resigned from her employment due to the sex-based hostile work environment created by Mr. Bernstein and the sex discrimination to which she was being subjected, including her removal from her job and demotion.

31.    The conduct of Defendants, as set forth above, was severe or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and the working environment was hostile or abusive, and in fact made Plaintiff believe that her working environment was hostile and abusive because of her sex.

32.    Plaintiff's sex was a determinative and/or motivating factors in Defendant's discriminatory treatment of her, including subjecting her to a hostile work environment, removing her from her position, and demoting her.

33.    As a direct and proximate result of the discriminatory conduct of Defendants as set forth above, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – Title VII (as to Defendant Odessa Only)

34.    Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

35.    By committing the foregoing acts of discrimination and retaliation, Odessa has violated Title VII.

36.    Odessa acted with malice and/or reckless indifference toward the federally protected rights of Plaintiff and its conduct warrants the imposition of punitive damages.

37.    As a direct and proximate result of Odessa's violation of Title VII, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

38.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Odessa's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

39.     No previous application has been made for the relief requested herein.

## COUNT II – PHRA

40.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

41.     By committing the foregoing acts of discrimination, Defendants have violated the PHRA.

42.     As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

43.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

44.     No previous application has been made for the relief requested herein.

## COUNT III – PFPO

45.     Plaintiff incorporates herein by reference the above paragraphs as if set forth herein in their entirety.

46.     By committing the foregoing acts of discrimination and retaliation Defendants have violated the PFPO.

47.     Defendants acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's rights, thereby warranting the imposition of punitive damages.

48.     As a direct and proximate result of Defendants' violations of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

49.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages because of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

50.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(c)     declaring the acts and practices complained of herein to be in violation of the PFPO;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

(f)     awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which

Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

(h)     awarding punitive damages to Plaintiff under Title VII and the PFPO;

(i)     awarding Plaintiff such other damages and relief as is appropriate under the statutes that form the basis of this matter.

(j)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(k)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.


                              **CONSOLE MATTIACCI LAW LLC**


Dated: October 3, 2025          By:     _/s/Daniel S. Orlow, Esq._
                                        Daniel S. Orlow, Esquire
                                        1525 Locust St., Ninth Floor
                                        Philadelphia, PA 19102
                                        (215) 545-7676
                                        Attorney for Plaintiff, Rachel Vennitti

# Exhibit 1

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

Rachel Vennitti,
    Complainant

       v.                  : PHRC Case No. 202400378

Odessa Technologies, Inc.; Eric    : EEOC No. 17F202460905
Bernstein,

    Respondent

## COMPLAINT

### JURISDICTION

1.    Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### PARTIES

2.    The Complainant herein is:

    Rachel Vennitti
    redacted
    Haddonfield, NJ 08033

3.    The Respondent herein is:

    Odessa Technologies, Inc.          Odessa Technologies, Inc.
    Two Liberty Place                Two Liberty Place
    50 S. 16th Street, Suite 1900    50 S. 16th Street, Suite 2300
    Philadelphia, PA 19102         Philadelphia, PA 19102

    Eric Bernstein
    c/o Odessa Technologies, Inc.
    Two Liberty Place
    50 S. 16th Street, Suite 1900
    Philadelphia, PA 19102

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:
**RACHEL VENNITTI**

Docket No.    20 2400 378

v.

RESPONDENTS
**ODESSA TECHNOLOGIES, INC.**

and

**ERIC BERNSTEIN,** *as aider and abettor*

1. The Complainant herein is:

    Name:      Rachel Vennitti

    Address:   redacted
               Haddonfield, NJ 08033

2. The Respondents herein are:

    Names:     Odessa Technologies, Inc.
               Eric Bernstein

    Address:   Two Liberty Place
               50 S. 16th Street, Suite 1900
               Philadelphia, PA 19102

3. Complainant, Rachel Vennitti, alleges that she was subjected to unlawful discrimination

because of her sex (female) as set forth below.

### A.    Factual Allegations:

1. Complainant was hired by Respondent Odessa Technologies on or about May 20,

2019 into the position of Associate Vice President ("AVP"), People Success.

2.    On or about April 1, 2022, Complainant was promoted to Vice President ("VP"),
People Success.

3.    As VP, People Success, Complainant supervised the following employees:

    a.    Lauren Gambrino Moore, Sr. Manager, People Success.

    b.    Samantha Walker, HR Generalist.

    c.    Angela Jacobs, Sr. Manager, Business Administration.

4.    As VP, People Success, Complainant reported to Jason St. Laurent, Chief Operating
Officer.

5.    St. Laurent reported to Madhu Natarajan, Respondent Odessa Technologies'
founder and former Chief Executive Officer.

6.    From 2019 through March 2023, Complainant received several "highly valued"
performance reviews and one "exceptional" performance review:

    a.    May 2019 - March 2020, Highly Valued.

    b.    April 2020 - March 2021, High Valued.

    c.    April 2021 - March 2022, Exceptional.

    d.    April 2022 - March 2023, Highly Valued.

7.    In or about April 2023, Respondent Odessa Technologies hired Eric Bernstein as
Chief Executive Officer.

8.    Respondents have a history of paying female employees less than males employees
for the same or substantially similar roles and responsibilities.

9.    Following Bernstein's hire as CEO, Complainant was treated in a hostile and
demeaning manner because of her sex. By way of example, and without limitation:

2

From: Toni Murphy

a. Bernstein sated to Complainant, "I am a locomotive, you either get on the train or I will run you over."

b. Sumit Maheshwari, Respondents' Chief Financial Officer, spoke to Complainant in a condescending and demeaning manner after she challenged the manner in which Respondents chose to conduct a comprehensive review of its policies and procedures.

c. Bernstein unfairly criticized Complainant's performance.

d. Bernstein became combative and hostile to Complainant when she voiced disagreement with him.

e. Bernstein falsely criticized Complainant for being "too much about the people" and not sufficiently "business focused."

f. Bernstein visually expressed disgust to Complainant when discussing a female's salary; this female employee had visible facial hair. Bernstein did not make this same visual disgust when talking about a male employee at the same SVP level and with similar salary.

g. Bernstein expressed disapproval over how much certain female employees were paid, despite certain males being paid the same amount for performing substantially similar work in substantially similar roles.

10.    Bernstein was involved in hiring several male employees who were paid at a higher rate than female employees performing substantially similar work in substantially similar roles.

11.    Bernstein was involved in replacing several high-level female employees with male employees.

3

12.     In or about January of 2024, Bernstein promoted Kevin Schroeder to Managing Director. In this new role, Schroeder would be taking over the People Success function.

13.     Schroeder was formally a SVP, Solution Architecture and had no People Success background.

14.     On or about February 1, 2024, Complainant learned that Bernstein was considering terminating her employment.

15.     On or about March 1, 2024, Complainant resigned from her employment due to the ongoing sex discrimination to which she was being subjected.

16.     Respondent Bernstein aided, abetted, incited, committed, compelled, and/or coerced the sex discriminatory conduct set forth herein; obstructed or prevented Odessa Technologies from complying with Title VII, the PHRA, and the PFPO; and attempted to, and did in fact, commit acts in violation of Title VII, the PHRA, and the PFPO.

17.     Respondents subjected Complainant to a hostile work environment because of her sex.

18.     Respondents did not take any action to remedy or prevent the sex discrimination to which Complainant was subjected.

19.     Respondents' sex discriminatory conduct toward Complainant has caused her emotional distress.

20.     Respondents' conduct as set forth herein represents a bias against female employees.

21.     Respondents have an underrepresentation of female employees in high level positions.

**B.     Remedies**

4

1.    Based on the aforementioned, Complainant alleges that Respondents have discriminated against her because of her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

2.    The allegations in **Section A** hereof constitute unlawful discriminatory practices in violation of:

**X**    **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): (a); (d)**

_____    Section 5.1 Subsection(s) _____

_____    Section 5.2 Subsection(s) _____

_____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

3.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

**X**    **This charge will be referred to the EEOC for the purpose of dual filing.**

4.    The Complainant seeks that Respondent be required to:

a.  Make the Complainant whole.

b.  Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

5

c. Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

d. Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

e. Provide such further relief as the Commission deems necessary and appropriate.

6

## VERIFICATION

I hereby verify that the statements contained in this Complaint are true and accurate to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A Section 4904, relating unsworn falsification to authorities.

Dated: 8/20/24          By: _Rachel Vennitti_
                            Rachel Vennitti

# Exhibit 2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**   Rachel Vennitti
redacted
Haddonfield, NJ 08033

**Re:**   Rachel Vennitti v. Odessa Technologies, Inc.; Eric Bernstei
EEOC Charge Number:  17F-2024-60905

EEOC Representative and email:     State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge. The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue.  If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.**  Receipt generally occurs on the date that you (or your representative) received this document.  You should keep a record of the date you received this notice.  Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days.  (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By:  Karen McDonough  7/9/2025

Karen McDonough
Deputy District Director

cc:      For Respondent                          For Charging Party
Jason A Cabrera                         Daniel S Orlow
Cozen O'Connor                          Console Mattiacci Law
1650 Market St, Suite 2800              1525 Locust Street, 9th Floor
Philadelphia, PA 19103                  Philadelphia, PA 19102